THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FREDERICK Foss McELROY, Appellant.— Defendant was indicted in Albany County for murder, first degree, and after trial found guilty of murder, second degree. Thereafter the defendant, in person, filed a notice of appeal and this court assigned Robert H. Jones, III, to represent him. The court expresses its appreciation to counsel for the thorough manner in which he has protected the interests of the defendant. Two arguments have been raised on appeal. One, the exclusion by the court of experiments performed by Dr. John J. Clemmer, a pathologist. From a reading of the record, it is somewhat obscure as to what the defendant was attempting to prove but we assume it was to show that the wound, as explained in the Coroner's report, could not be inflicted as contended by the People. A great deal of. controversy in this phase of the case centered around what apparently was an identical knife marked and offered by the defendant, but not received by the court. When we say "identical", we mean the name of the manufacturer and the serial number of the knife although it appears that some part of the blade of the knife used in the actual killing was missing. We are inclined to agree with the court that a sufficient foundation was not offered for the basis of the testimony nor was there a showing of similarity of the experiments performed with the circumstances surrounding the death. If the experiments had been allowed, it would only be the basis for asking a

hypothetical question, and inasmuch as such questions were asked and answered, we conclude that there was no prejudice or denial of any substantial right. The other point raised by the defendant concerns the testimony of the police officer and his alleged inflammatory remarks. Our attention has been directed to several excerpts from the testimony of Officer Dean where it is claimed he volunteered answers and otherwise injected such words as "murder", "killed", "stabbed" into the record. The record shows his testimony consisted of 71 pages and many of the answers which are now being questioned were made on cross-examination. It further appears on cross-examination the officer not only testified as to what the defendant told him about the stabbing but by gestures characterized the thrust as demonstrated by the defendant and to which there was no objection. We are convinced from reading the complete testimony that his testimony is a fair narration of the events that the officer claimed the defendant confessed to him. *People* v. *Robinson* (273 N. Y. 438) cited by the defendant, is not controlling. There the defendant was charged with a single larceny when in the course of the trial, evidence was injected to show a general course of dishonest practices and irregularities. The court decided the jury might have been influenced not by the larceny in the indictment but the testimony of other incidents. In affirming the lower court, we are satisfied that the minds of the jurors were clearly directed to the true issues involved; that they were not misled or confused to the defendant's detriment and therefore the mandate of section 542 of the Code of Criminal Procedure should be followed. (*People* v. *Mleczko,* 298 N. Y. 153.) We are satisfied that the defendant had a fair trial and accordingly the judgment of the lower court should be affirmed. Judgment unanimously affirmed. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.